

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-27-2006

# Ilechko v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2857

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Ilechko v. Atty Gen USA" (2006). *2006 Decisions.* Paper 158.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/158

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 05-2857

————

VASYL VOLODYMYROVYCH ILECHKO,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

————

Petition for Review of Final Order of the Board of Immigration Appeals
No A97-163-163
Immigration Judge: Honorable Henry S. Dogin

————

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 7, 2006

Before: SCIRICA, *Chief Judge*, BARRY and ALDISERT, *Circuit Judges*

(Filed: November 27, 2006)

————

OPINION OF THE COURT

————

ALDISERT, *Circuit Judge*

Vasyl Volodymyrovych Ilechko, a native and citizen of Ukraine, petitions for

review of a final order of the Board of Immigrations Appeals ("BIA"), which affirmed the

Immigration Judge's ("IJ's") order. The IJ and BIA determined that Petitioner did not meet the burden of proof in his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction to review the IJ's and BIA's orders pursuant to 8 U.S.C. § 1252. We will deny the petition.

## I.

While living in Ukraine, Ilechko resided in the western part of the of the country where his church, the Ukranian Greek Catholic Church, predominates. In the eastern part of the country, the dominant church is the Ukranian Orthodox Church. Each of these churches, within its sphere of influence, pressures local officials to restrict the activities of the other. Petitioner testified that he and a friend were beaten by three Orthodox men while they were students at the Lviv University in June of 2000. He also testified that he was attacked by six people on July 15, 2001, and that he and another friend were beaten by men in military uniforms on January 13, 2002. He maintains that he will face further persecution on the basis of his religion if forced to return to his country. The IJ rejected his claims, and the BIA affirmed and adopted the IJ's decision, adding four sentences of its own analysis.

## II.

In a case like that at bar, where "the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir.

2

2004). We review factual determinations of the IJ and BIA under the deferential substantial evidence standard. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Under this standard, we will uphold factual determinations that are supported "by reasonable, substantial and probative evidence on the record considered as a whole." Guo v. Ashcroft, 386 F.3d 556, 561 (3d Cir. 2004). Our review of a final order of removal is based "only on the administrative record on which the order of removal is based," and "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(A)-(B).

The Immigration and Nationality Act, 8 U.S.C. § 1158(b)(1)(A), authorizes the Attorney General to grant asylum to an alien who demonstrates that he is a "refugee" within the meaning of 8 U.S.C. § 1101(a)(42). Section 1101(a)(42) defines a "refugee" as an alien who is "unable or unwilling to return to . . . [his country] because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." Whether an alien has established a well-founded fear of persecution turns on the "subjective mental state of the alien" and on the objective nature of his reasons for fearing persecution. INS v. Cardoza-Fonseca, 480 U.S. 421, 430-431 (1987). An alien's credible testimony may be sufficient evidence of a well-founded fear, "where the testimony is believable, consistent, and sufficiently detailed to provide a plausible and coherent account of the basis for his fear." Matter of Mogharrabi, 19 I. & N. Dec. 439, 445 (BIA 1987). Testimony that is vague,

3

implausible, incredible, conclusory or inconsistent with known country conditions, however, does not satisfy this requirement. See Diaz-Escobar v. INS, 782 F.2d 1488, 1492 (9th Cir. 1986). The relief of asylum is not mandatory, but rather falls to the discretion of the Attorney General. Cardoza-Fonseca, 480 U.S. at 428 n.1 (1987).

One who seeks withholding of removal must show that his "life or freedom would be threatened" on account of one of the five grounds enumerated in § 1101(a)(42)(A). To show that his life or freedom would be threatened, the alien must establish a "clear probability of persecution." INS v. Stevic, 467 U.S. 407, 430 (1984). Under the clear probability standard, an alien must prove that it is "more likely than not" that he would be subject to persecution on account of one of the five statutory grounds. Id. at 424. The clear probability standard requires a greater evidentiary showing than is needed to establish a well founded fear—the requirement for asylum. Cardoza-Fonseca, 480 U.S. at 446. "Thus, if an alien fails to establish the well-founded fear of persecution required for a grant of asylum, he or she will, by definition, have failed to establish the clear probability of persecution" needed to qualify for withholding of removal. Zubeda v. Ashcroft, 333 F.3d 463, 469-470 (3d Cir. 2003). Once an alien has established his statutory eligibility, withholding of removal is mandatory. 8 U.S.C. § 1231(b)(3)(A).

III.

Substantial evidence supports the IJ's and BIA's determinations that Petitioner failed to provide credible testimony in support of his asylum application, and thus failed

4

to establish eligibility for relief. The IJ determined that the Petitioner was not eligible for asylum because he "did not experience harm that rose to the level of persecution or torture, nor does he have a well-founded fear of persecution. Similarly, it is not more likely than not that the [Petitioner] will suffer future persecution or torture in Ukraine." (App. at 2.)

The IJ and BIA were justified in treating Petitioner's testimony as not credible. Petitioner's allegation of abuse at the hands of the Greek Orthodox group was inconsistent with the State Department's Country Reports, which state that the Greek Catholic Church—Petitioner's church—predominates in the western part of Ukraine where the incidents of abuse allegedly occurred. Additionally, as the IJ noted, Petitioner failed to explain satisfactorily why he did not seek medical attention after he was beaten and why he did not report the incidents to the police, despite the fact that the Greek Catholic Church predominates in the region of Ukraine where he was living. Finally, the IJ was troubled that Petitioner traveled to Poland on numerous occasions before coming to the United States. The IJ explained:

> [Petitioner] keeps coming back, over and over again, if you look at his passport, innumerable times to the scene of persecution, which leads me to believe there was never any persecution. This is a kid who has come to the United States with a J-1 visa, and he likes it here, and he doesn't want to go back. None of this do [I] believe. It's not consistent with country conditions. It's not corroborated when all the story could [be] corroborated and [I] believe he is telling me nothing resembling the truth.

(App. at 55.)

5

As to Petitioner's challenge to the evidentiary force of the Country Reports, this Court has recognized that reliance on State Department reports is justifiable and that such reports may constitute "substantial evidence" for the purposes of reviewing immigration decisions. See Ambartsoumian v. Ashcroft, 388 F.3d 85, 89 (3d Cir. 2004). If an applicant for relief presents credible evidence contrary to that contained in the Country Reports, we will consider it, but Petitioner has presented no such evidence.

Because Petitioner failed to establish eligibility for asylum, it is not necessary to consider whether he merits relief on the matter of removal. Given that he failed to meet his burden on the asylum claim, it follows as a matter of law that he failed to meet the higher standard of proof necessary for withholding of removal.

Petitioner does not raise any issue on appeal regarding his CAT claim. It is therefore deemed abandoned and waived. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993).

IV.

We have considered all the contentions presented by the parties and conclude that no further discussion is necessary.

The petition for review will be denied.